UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SHANNON CASHIN,                                                                     Plaintiff,

v.                                                             Civil Action No. 3:20-cv-186-DJH-CHL

COMMISSIONER OF SOCIAL SECURITY,                         Defendant.

\* \* \* \* \*

**MEMORANDUM AND ORDER**

      Plaintiff Shannon Cashin filed this action seeking review of the decision of Defendant Commissioner of Social Security to deny Cashin's application for disability insurance benefits. (Docket No. 1) The case was referred to Magistrate Judge Colin H. Lindsay for report and recommendation. (D.N. 16; D.N. 7) Judge Lindsay issued his report and recommendation on July 20, 2022, recommending that the Commissioner's decision be affirmed. (D.N. 25) Cashin timely objected to the report and recommendation. (D.N. 26) After careful consideration, the Court will adopt in full Judge Lindsay's Report and Recommendation and overrule Cashin's objections.

**I.**

      Cashin filed an application for disability insurance benefits on September 22, 2016. (D.N. 13, PageID.70) On October 11, 2018, an administrative hearing was conducted on Cashin's application. (*Id.*, PageID.87) On December 12, 2018, the Administrative Law Judge (ALJ) issued an opinion denying Cashin's claims. (*Id.*, PageID.67) After engaging in the five-step evaluation process to determine eligibility for disability benefits, the ALJ found that Cashin was not disabled. (*Id.*, PageID.70–80) At step three of the process, the ALJ found that Cashin "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. 404." (*Id.*, PageID.75) The ALJ also found that Cashin could perform

1

"sedentary work except he can never climb ladders, ropes, or scaffolds, or crawl." (*Id.*, PageID.74–75)  At step four, the ALJ found that Cashin could not perform any past relevant work.  (*Id.*, PageID.78)  At step five, the ALJ ultimately found that considering Cashin's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Cashin can perform.  (*Id.*, PageID.78–79)   Finally, the ALJ found that Cashin was not under a disability as defined in the Social Security Act from the alleged onset date through the ALJ's decision. (*Id.*, PageID.79)  The Social Security Administration Appeals Council denied Cashin's request for review on January 27, 2020. (*Id.*, PageID.55)  Cashin filed this action on March 31, 2020, challenging the Commissioner's denial of his application for disability insurance benefits. (D.N. 1)  The Court referred the matter to Magistrate Judge Colin H. Lindsay (D.N. 16; D.N. 7), who recommended that the Commissioner's decision be affirmed.  (D.N. 25)

## II.

When reviewing a report and recommendation, the Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  The Court may adopt without review any portion of the report to which no objection is made.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  Accordingly, the Court will review de novo the portions of Judge Lindsay's recommendation to which Cashin objects.

### A.  Standard of Review

In reviewing an ALJ's decision, the Court asks "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Fox v. Comm'r of Soc. Sec.*, 827 F. App'x 531, 534 (6th Cir. 2020) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th

Cir. 2007)). The substantial-evidence standard is defined as "requiring 'more than a mere scintilla' of evidence, [but this] is not a high bar; substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)). The Court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *O'Brien v. Comm'r of Soc. Sec.*, 819 F. App'x 409, 416 (6th Cir. 2020) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). Where substantial evidence supports the ALJ's decision, the Court "must affirm." *Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 466 (6th Cir. 2017) (citing *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994)). Moreover, "the ultimate findings of the ALJ are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Moruzzi v. Comm'r of Soc. Sec.*, 759 F. App'x 396, 402 (6th Cir. 2018) (quoting *Buxton v. Comm'r of Soc. Sec.*, 246 F.3d 762, 772–73 (6th Cir. 2001)); *see also Livingston v. Comm'r of Soc. Sec.*, 776 F. App'x 897, 898 (6th Cir. 2019) ("Even if the evidence could also support another conclusion, the decision of the [ALJ] must stand if the evidence could reasonably support the conclusion reached") (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999))). But "an ALJ's failure to follow agency rules and regulations 'denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Beery v. Comm'r of Soc. Sec.*, 819 F. App'x 405, 408 (6th Cir. 2020) (quoting *Cole v. Astrue*, 661 F.3d 931, 939–40 (6th Cir. 2011)).

**B.     Cashin's Claims**

The Social Security Administration has a five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. 404.1520(a)(4). The steps are followed in order, and if it is determined that a claimant is "disabled or not disabled at a step, [the

3

Administration make[s] [its] determination or decision and [it] do[es] not go on to the next step. If the Administration "cannot find that [a claimant is] disabled or not disabled at a step, [it] go[es] on to the next step." *Id.* The Administration describes the five steps as follows:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4)(i)–(v).

Here, the ALJ made the following findings at each step: (1) Cashin was not engaged in substantially gainful activity; (2) Cashin has six severe impairments; (3) Cashin does not have an impairment or combination of impairments that meets or equals one of the listings in 20 C.F.R. Subpart P, Appendix 1 and Cashin has the "residual functional capacity" to perform sedentary work defined in 20 C.F.R. 404.1567(a), except he can never climb ladders, ropes, or scaffolds or crawl; (4) Cashin cannot perform any past relevant work; and (5) considering Cashin's age, education, work experience, and residual functional capacity, there are jobs that exist in significant

numbers in the national economy that Cashin can perform. (D.N. 13, PageID.72–79) The magistrate judge concluded that the ALJ's decision was supported by substantial evidence. (D.N. 25) Cashin objects, arguing that (1) the ALJ erred by not reviewing, comparing, and explaining his decision on whether Cashin's impairments meet or equal Listings 1.02 and 1.03 in 20 C.F.R. Subpart P, Appendix 1; (2) the ALJ failed to specifically discuss the combined effects of his impairments in determining whether or not Cashin met the Listings of 20 C.F.R. Subpart P, Appendix 1; and (3) the ALJ made an RFC finding that was unsupported by substantial evidence. (D.N. 26, PageID.1631–41) For the reasons detailed below, the Court finds Cashin's arguments unpersuasive.

### 1. Listings 1.02 and 1.03

Cashin argues that the ALJ erred by providing an "inadvisably brief" discussion that did not evaluate the evidence, compare the evidence to the Listings, and give an "explained conclusion" as called for in *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411 (6th Cir. 2011). (D.N. 26, PageID.1632 (citing *Reynolds*, 424 F. App'x at 415)) Cashin further argues that the "ALJ merely recited the language of the regulation" and that he "could not conclude from the ALJ's statements what specific evidence, if any, was considered and compared to the Listings." (*Id.*) As a result, Cashin claims, "[t]here is no compelling evidence that the ALJ reviewed, compared and explained the decision on equaling the Listings." (*Id.*)

In *Reynolds*, the Sixth Circuit reversed and remanded a listing claim to the ALJ for further consideration because "no analysis whatsoever was done as to whether the [claimant's] physical impairments (all summed up in his finding of a severe 'back pain' impairment) met or equaled a Listing under section 1.00, despite his introduction concluding that they did not." *Reynolds*, 424 F. App'x at 415. Similarly, in *Burbridge v. Comm'r of Soc. Sec.*, 572 F. App'x 412 (6th Cir. 2014),

5

the ALJ decided whether the plaintiff met the requirements of the listed impairment with a single sentence: "In this case, the evidence fails to establish the deficits in adaptive functioning prior to age 22 (see exhibits 14E and 17F)." *Id.* at 415. The Sixth Circuit held that "the ALJ was obliged to do more than simply cite the exhibit," explaining that "[u]nder these circumstances, a statement of 'the reasons or basis' for the material finding would include a statement of which portions of the exhibit the ALJ relied on and why they supported a finding that Burbridge did not manifest the required deficits." *Id.* at 416 (citing *Reynolds*, 424 F. App'x at 414).

> But this case is distinguishable from *Reynolds* and *Burbridge*. Here, the ALJ found:
>
> The claimant's impairments do not meet listing 1.02, which addresses major dysfunction of a joint. The claimant has not established that he was unable to either ambulate effectively or perform fine and gross movement effectively. The record showed the claimant had a normal gait and full range of motion in the left shoulder, with strength only minimally reduced to 5/-5. (Exhibit 36F pg. 1; 24F pg. 6)
>
> The claimant also did not meet listing 1.03 regarding reconstructive surgery of a major weightbearing joint. As discussed above, the record did not show an inability to function effectively. (Exhibit 36F pg. 1)

(D.N. 13, PageID.74) The ALJ's discussion is brief, but it satisfies the burden established in *Reynolds* and relied on in *Burbridge*. The ALJ stated the reason and basis for his decision that Cashin's impairments do not meet the listings, citing the opinions of Dr. Alstadt (Exhibit 36F) and Dr. Smith (Exhibit 24F) and other evidence in the record. (D.N. 13, PageID.74–76; *see id.*, PageID.1344–46; PageID.958). "'[T]he ALJ's findings of fact should not be disturbed unless we are persuaded that his findings are legally insufficient.'" *Malone v. Comm'r of Soc. Sec.*, 507 F. App'x 470, 472 (6th Cir. 2012) (citing *Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir.1986)). Cashin has not met that burden here.

### 2. Combination of Impairments

Cashin briefly argues that the ALJ failed to consider whether the combination of his impairments was equal in severity and duration to a listed impairment. (D.N. 26, PageID.1633) Specifically, he argues that "the ALJ's analysis of the individual impairments was merely a recitation of the regulation and this was considered 'inadvisably brief.'" (*Id.*) The ALJ is "required to 'consider the combined effect of all [Plaintiff's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.'" *Young v. Saul*, No. 1:20-cv-00130-GNS-LLK, 2021 WL 2252107, at *5 (W.D. Ky. May 18, 2021), *report and recommendation adopted*, No. 1:20-cv-00130-GNS-LLK, 2021 WL 2228063 (W.D. Ky. June 2, 2021) (citing 20 C.F.R. § 416.923(c)). The Sixth Circuit has held that "'[a]n ALJ's individual discussion of multiple impairments does not imply that []he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet' a listed impairment." *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) (quoting *Loy v. Sec'y of Health & Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990)).

Here, at step three, the ALJ found that Cashin did not have "an impairment or *combination of impairments* that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (D.N. 13, PageID.74) (emphasis added) In reaching this conclusion, the ALJ cited the evaluation of Dr. Altstadt (Exhibit 36F) and the treatment record of Ellis & Badenhausen Orthopedics, P.S.C. (Exhibit 24F). (*Id.*, PageID.1446–50; PageID.958) Thus, the record reflects that the ALJ considered Cashin's impairments in combination. *See id.*; *see also Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851–52 (6th Cir. 2020) (noting that the Sixth Circuit has concluded that "an ALJ's statement that he had conducted 'a thorough review of the

medical evidence of record,' along with the fact that the ALJ had considered the claimant's impairments individually, sufficed to show that the ALJ had considered the impairments in combination") (quoting *Gooch v. Sec'y of Health & Human Services.*, 833 F.2d 589, 591–92 (6th Cir. 1987)); *Trudy W. v. Kijakazi*, No. 4:20-CV-00200-HBB, 2022 WL 3050057, at *6 (W.D. Ky. Aug. 2, 2022) (citation omitted) ("Discussing multiple impairments individually does not mean the ALJ failed to consider the combined effects of those impairments when, as here, the ALJ specifically referred to a 'combination of impairments' in finding the claimant does not meet the listings").

### 3. Residual Functional Capacity (RFC)

Cashin argues that the ALJ did not give enough weight to the contradictory objective evidence supporting his complaints of disabling pain. (D.N. 26, PageID.1634–36) Specifically, Cashin argues that the ALJ did not comment on his "history of bilateral knee impairments (one surgery and one future surgery), failed therapies, back and left shoulder (including surgery) impairments combined with the quadricep and calf atrophy, abnormal Achilles reflex and abnormal EMG," which he claims are consistent with and support his complaints of pain. (D.N. 26, PageID.1634–35) Cashin contends that these findings must be considered in the context of the record as a whole in evaluating pain. (*Id.*) Next, Cashin argues that the ALJ did not point to any objective or other evidence to contradict the abnormal EMG test that "revealed muscle instability as well as an objective basis for complaints of pain." (*Id.*) He contends that the EMG results support and are consistent with his complaints of pain and of "his legs buckling and balance problems." (*Id.*, PageID.1636) Cashin further claims that the record shows an accumulation of "continuously worsening impairments causing in combination symptoms producing disabling pain" and that the ALJ offered no explanation as to why the demonstrated pain was not serious

8

enough to be disabling. (*Id.*, PageID.1636–37) Lastly, Cashin argues that the ALJ erred by giving great weight to the state agency doctor's opinion because it was "not supported by nor consistent with the record as a whole." (*Id.*, PageID.1639)

In finding that Cashin could perform sedentary work as defined in 20 C.F.R. 404.1567(a), the ALJ noted that "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" were considered according to the "requirements of 20 C.F.R. 404.1529 and SSR 16-3p." (*Id.*, PageID.75) The ALJ specifically referred to Cashin's testimony at the hearing, where Cashin discussed his shoulder surgery, pain and instability in both knees, right knee replacement, and future left knee replacement. (*Id.*) Cashin described the pain in his left knee as "a seven out of ten without medication and four or five with medication" and his back pain as "a six or seven out of ten." (*Id.*) After reviewing the evidence, the ALJ found that Cashin's impairments could be expected to cause the alleged pain but concluded that Cashin's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*, PageID.76) The ALJ then outlined and discussed at length Cashin's treatments and medical results from 2015 through 2018. (*Id.*, PageID.76–77) In total, the ALJ discussed more than ten exhibits of medical reports in the record before concluding that the symptoms alleged by Cashin were inconsistent with the evidence in the record. (*Id.*)

The ALJ proceeded to discuss the basis for his finding that Cashin can perform sedentary work. He specifically referred to the opinion of the state agency medical consultant, "who opined that [Cashin] could perform sedentary work." (*Id.*, PageID.77 (citing *id.*, PageID.149–50)) The ALJ found the consultant's opinion to be consistent with the "evidence that showed [Cashin] had only minimally reduced strength of 4+/5 in the right EHL and left hip flexion but otherwise had

9

5/5 strength, his gait was normal, his sensory exam, his motor exam was normal, and his reflexes were normal." (*Id.*, PageID.77) Additionally, the ALJ noted that there was "no evidence of position straight leg raise testing, and [Cashin] showed improvements in the right knee after surgery." (*Id.* (citing *id.*, PageID.1344; PageID.1109; PageID.940)) The ALJ compared the consultant's opinion to Exhibits 36F, 27F, and 23F. (*Id.*) Due to the consistency of the consultant's opinion with the record, it was given great weight. (*Id.*) The ALJ's findings concerning the supportability and consistency of the state agency medical consultant's opinion are supported by substantial evidence and comports with the applicable law. *See* 20 C.F.R. § 404.1527(c)(3)–(4); 20 C.F.R. § 404.1513.

The ALJ also discussed the opinions of Dr. Vannier, Dr. Bilkey, and Dr. Yakkanti. (D.N. 13, PageID.77) Dr. Vannier opined that the claimant can only "perform sit down work and may drive an automatic shift." (*Id.* (citing PageID.752–54)) Dr. Bilkey's opinion stated that the claimant had "a 13% whole person impairment due to his right knee and an 8% impairment due to the left knee." (*Id.* (citing PageID.673)) The ALJ gave little weight to these opinions because they "did not explain in functional terms what the claimant was able to do." (*Id.*) Dr. Yakkanti's opinion stated that Cashin had been off work since October 26, 2015, and was on light duty before that. (*Id.* (citing PageID.420)) Again, the ALJ gave little weight to this opinion because it "d[id] not provide an opinion on claimant's functioning." (*Id.*) The ALJ will always "give good reason in [its] notice of determination or decision for the weight [it] gives to [the claimant's] treating source's medical opinion." 20 C.F.R. § 404.1527(c)(2). When the ALJ does not give the treating source's medical opinion controlling weight, it will evaluate 1) the length of the treatment relationship and frequency of examination; 2) the nature and extent of the treatment relationship; 3) supportability; 4) consistency; 5) specialization; and 6) other factors. 20 C.F.R. §

404.1527(c)(1)–(6). In assessing supportability, "[t]he more a medical source presents relevant evidence to support a medical opinion. . . ., the more weight the [ALJ] will give that medical opinion. 20 C.F.R. § 404.1527(c)(3). The ALJ's findings regarding the opinions of Dr. Vannier, Dr. Bilkey, and Dr. Yakkanti comports with the applicable law. *Id.*

"The Court's only duty at this juncture is to determine whether the ALJ's decision is supported by substantial evidence." *Nash v. Comm'r of Soc. Sec.*, No. 3:18-CV-258-DJH-CHL, 2019 WL 4751554, at *3 (W.D. Ky. Sept. 30, 2019), *aff'd*, No. 19-6321, 2020 WL 6882255 (6th Cir. Aug. 10, 2020) (citing *Rogers*, 486 F.3d 234, 241 (6th Cir. 2007)). *See also Her*, 203 F.3d at 389–90 ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached"). The Court agrees with Judge Lindsay that the ALJ properly considered all evidence and cited adequate evidence in support of his conclusion, and discussed at length the evidence that supports the findings. (*See* D.N. 13, PageID.70–80) "Because the evidence 'could reasonably support' the ALJ's decision, the decision must stand." *Nash*, 2019 WL 4751554 at *3 (citing *Her*, 203 F.3d at 389–90). Accordingly, the Court finds that the ALJ's decision is supported by substantial evidence. *Staymate*, 681 F. App'x at 466.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Shannon Cashin's objections (D.N. 26) are **OVERRULED**.

11

(2) The Report and Recommendation of Magistrate Judge Colin H. Lindsay (D.N. 25) is **ADOPTED** in full and **INCORPORATED** by reference herein. A separate judgment will be entered on this date.

September 30, 2022

David J. Hale, Judge
United States District Court